IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JIMMY EUGENE PARKER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16CV493 |
| | ) | 1:05CR158-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a Motion [Doc. #111] and two Amended Motions [Doc. #115, 118] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He also filed a Motion [Doc. #122] seeking to supplement his Motion. The Court will grant that Motion and consider the arguments raised therein, as well as arguments raised in other Supplements [Doc. #112, 113] previously filed by Petitioner. For the reasons set out below, the Court concludes that the Motion and Amended Motions should be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, which states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

In this case, Petitioner's raises three grounds for relief, with the first two alleging that his sentence is no longer valid following Johnson v. United States, 576 U.S. ____, 135 S. Ct. 2551 (2015). Specifically, Petitioner challenges the application of a career offender

sentencing enhancement under United States Sentencing Guideline § 4B1.1. Petitioner argues that prior convictions no longer count as valid predicate convictions supporting the enhancement because they are not "crimes of violence" for purposes of that enhancement following <u>Johnson</u>.

Petitioner's contentions fail on their face. The Court previously stayed this matter pending the decision in <u>Beckles v. United States</u>, ___ U.S. ___, 137 S. Ct. 886 (2017). The United States Supreme Court subsequently issued a decision in <u>Beckles</u> and held that the advisory United States Sentencing Guidelines are not subject to the type of vagueness challenge under the Due Process Clause that prevailed in <u>Johnson</u> with respect to the Armed Career Criminal Act, 18 U.S.C. § 924(e). <u>Id.</u> at 895. Thus, like the petitioner in <u>Beckles</u>, Petitioner cannot seek relief from his career offender sentence based on <u>Johnson</u>. In light of the issuance of the decision in <u>Beckles</u>, the Court will lift the prior stay in this case and, based on <u>Beckles</u>, the Court will find that Petitioner fails to state a claim for relief based on his challenges under <u>Johnson</u>, which should be dismissed.

At times in his filings, it also appears that Petitioner seeks to challenge his career offender enhancement on other grounds. To the extent this is so, such a claim is not cognizable on collateral review. See <u>Foote v. United States</u>, 784 F.3d 931 (4th Cir. 2015). Therefore, any such claims should also be dismissed.

Finally, in his third claim for relief, Petitioner contends that <u>Johnson</u> invalidates his conviction under 18 U.S.C § 924(c)(1)(A)(iii). Petitioner pled guilty to using a firearm in furtherance of a drug trafficking crime, not during and in relation to a crime of violence, and he received the statutory mandatory minimum sentence required by 18 U.S.C.

§ 924(c)(1)(A)(iii).  Johnson did not affect the portion of § 924 under which Petitioner was convicted in any way.  See United States v. Mitchell, No. 1:16-cv-857, No. 1:02-cr-503, 2016 WL 5660445, at *4 (Sept. 27, 2016 E.D. Va.) (unpublished); see also Williams v. United States, No. 1:16-cv-00170-MR, No. 1:13-cr-00078-MR-DLH-1, 2016 WL 4445765, at *2 (W.D.N.C. Aug. 22, 2016) (unpublished) (collecting cases); United States v. Richardson, 653 F. App'x 209, 210, n.* (4th Cir. 2016) (observing that Johnson did not apply where a conviction under § 924(c) relied on a drug offense and not a crime of violence).  All of Petitioner's claims fail on their face and should be dismissed.  In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond.  The Clerk will notify Petitioner of this Recommendation, his right to file objections, and any ultimate dismissal and entry of judgment.

  Finally, Petitioner filed a Motion [Doc. #120] seeking to be released on bond pending a final resolution of his case.  "To prevail on a motion for release on bail in a habeas case, the appellant must show that his petition presents a substantial constitutional claim upon which he has a high probability of success, and that extraordinary circumstances warrant his release."  United States v. Perkins, 53 F. App'x 667, 669 (4th Cir. 2002) (citing Aronson v. May, 85 S. Ct. 3 (1964)).  As discussed above, Petitioner's claims have no merit.  Therefore, his Motion seeking his release on bond will be denied.

  IT IS THEREFORE ORDERED that the prior stay in this case is lifted, that Petitioner's Motion [Doc. #122] to supplement is granted to the extent that all of his

contentions have been considered, and that Petitioner's Motion [Doc. #120] seeking his release on bond is denied.

IT IS RECOMMENDED that Petitioner's Motion [Doc. #111] and Amended Motions [Doc. #115, #118] to vacate, set aside or correct sentence, as supplemented, be denied and that judgment be entered dismissing the action.

This, the 29th day of September, 2017.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge